No. 64.—THE STATE OF GEORGIA, *ex rel.* C. B. STRANGE, plaintiff in error, *vs.* WILLIAM A. BELL, treasurer, &c. defendant in error.

[1.] It is not competent for a County Treasurer to resist the payment of a debt, directed by the proper authority to be discharged out of the public funds, set apart in his hands for that purpose, upon the ground that he had been notified that the holder thereof was not the rightful owner of the property, upon the valuation of which the certificate had issued.

Mandamus, in Marion Superior Court. Tried before Judge ALEXANDER, September Term, 1850.

In 1847, the General Assembly passed an Act (among other things) to remove the County site of the county of Marion, from the town of Tazewell, to provide for the location of a new site, &c. By the 7th section thereof it was enacted, "That the Justices of the Inferior Court of Marion County shall appoint five other commissioners, whose duty it shall be to ascertain the value of the town property in the town of Tazewell, (the same to be fixed at the amount the owners thereof placed upon it in the returns of their taxable property for the year 1847,) and then assess the amount of depreciation of said town property, because of the removal of said county site; and the said commissioners shall execute to the owners of said town property, a certificate, declaring the damage thus sustained, which said certificate shall become a debt against the County Treasury of said County, and such certificate shall be received in payment for any contract for the purchase of any lot or lots sold in the new county site," &c.

The plaintiff, Charner B. Strange, in his petition for a mandamus, alleged that the commissioners, appointed under the Act, assessed the damage on property owned by him in Tazewell, at the sum of $1782 88, and executed and delivered to him a certificate as required by the Act; that there were funds in the hands of the County Treasurer, William A. Beall, for the purpose of paying such certificates, and that he refused to pay the same.

In response to the mandamus *nisi* granted by the Court, Beall, the County Treasurer, returned, among other grounds why the mandamus should not be made absolute, the following:

"4th. That the property claimed by said Strange, and upon which damages were assessed, as respondent has been advised and believes, did not, at the time said damages were sustained or estimated, belong to the said Strange; and this defendant has been notified by William Wells, Esq. of said County, not to pay said damages to said Strange, as he (Wells) was the owner of the property previous to, and at the time of the assessment of the same by said commissioners.

"5th. Because the respondent has been informed and believes, that Jordan Wilcher, Esq. was the owner of said property at the time of the passage of said Act by the Legislature, and that he sold the same to Wells previous to the assessment of said damages."

Counsel for Strange demurred to these two grounds as insufficient. The Court overruled the demurrer, and held them good and sufficient grounds for refusing to pay said certificate. This decision is alleged to be erroneous.

B. HILL and WORRILL, for plaintiff in error.

BENNING, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The Legislature, in 1847, passed an Act to add a part of Stewart County to Marion; to point out the mode of electing commissioners to provide for the erection of a county site; to

dispose of the public buildings at Tazewell; to provide payment for the undertakers of the new court house; to levy an extra tax, and for other purposes.

The 7th section provides, "That the Justices of the Inferior Court of Marion County shall appoint five commissioners, whose duty it shall be to ascertain the value of the town property in Tazewell, (the same to be fixed at the amount the owners thereof placed upon it in the returns of their taxable property for the year 1847,) and then assess the amount of the depreciation of said property, on account of the removal of the county site, and the said commissioners were required to execute to the owners a certificate, declaring the damage thus sustained; which certificate, it is enacted, shall become a debt against the County Treasury." And it is further provided in the 12th section of the Act, "That for the purpose of discharging the debt incurred by building the new court house, as well as to pay the owners of town property in Tazewell, that the Justices of the Inferior Court be allowed to levy an extra tax, not exceeding seventy-five per centum on the general tax, which, together with the fund arising from the sale of the public property at Tazewell, shall constitute a fund, to be first applied to the payment of the new court house, and for the payment of the damages sustained by the owners of property in Tazewell, ascertained as aforesaid."

It is also provided by the Act, "That the certificate shall be received in payment for any contract for the purchase of any lot or lots sold in the new county site, contemplated as aforesaid." *Pamphlet Laws,* 1847, *pp.* 71, 73, 74.

In pursuance of this Act, Andrew Hood, Van Swearingen, Charles Womack, William Williams and William Hirst, were appointed commissioners by the Justices of the Inferior Court of Marion County; and the three first being a majority of the whole number, after being duly sworn to perform faithfully the trust thus delegated to them, did, on the 24th day of June, 1848, proceed to ascertain the value of the property in the town of Tazewell, and to assess the amount of the depreciation of the same, by reason of the removal of the county site, when it was found that Charner B. Strange, the relator, owned town property

of the value of $3127 87½, and that the same was depreciated 57 per cent. by reason of said removal. Accordingly, the said commissioners, by virtue of the authority reposed in them by the law, as aforesaid, on the 30th day of June, 1848, certified that the said Charner B. Strange had been damnified $1782 88¾, and that the said sum was a debt against the County Treasurer of Marion, and to be received in payment of any purchase made by him of property at the new site, and to be first paid out of the extra tax to be levied as aforesaid, and from the money arising from the sale of public property at Tazewell, subject only to the priority of payment on account of the new court house.

On the 7th of March, 1849, the certificate thus issued in terms of the Statute, was presented to the County Treasurer, and payment thereof demanded; but William A. Bell, the Treasurer, refused to pay the certificate, alleging as a reason, among other things, that the town property claimed by Strange, and upon which the damages were assessed, did not belong to him, and that he (Bell) had been notified by one William Wells not to pay the said damages, or any part thereof, to Strange or his assigns, as he (Wells) was the owner of said property.

A mandamus *nisi* having been granted by Judge *Alexander* against Bell, the Treasurer, he sustained the objections thus interposed by the Treasurer at the hearing, and to reverse this decision this writ of error is prosecuted.

[1.] Was it a good excuse in the mouth of Bell, the Treasurer, that he had been notified of the existence, real or pretended, of an outstanding title in Wells, or any body else, paramount to that of Strange, in whose favor the certificate had issued?

We think not. The Treasurer is not at liberty to inquire into the truth or falsehood of the certificate. Neither is he or the County responsible for it. His duty is to obey the mandate of the commissioners; and having done this, the law casts the ægis of its protection over both him and the County. Nor is there any hardship in this, upon Mr. Wells or any one else claiming to be the true owner of the property upon which the assessment was made. Why did he not interplead, in order to bring the conflicting titles directly before the proper tribunals? Why may

he not do it still? Suppose no proceeding is ever instituted for this purpose, is the fund to remain forever locked up in the vaults of the County Treasury?

The judgment below must be reversed.